IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CERES ENTERPRISES, LLC**,

    Plaintiff,

v.

**TRAVELERS INSURANCE COMPANY**,

    Defendant.

CASE NO. 1:20-cv-1925

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446 and 1453(b), Defendant The Travelers Indemnity Company of America ("Travelers"), improperly named as Travelers Insurance Company,[1] hereby removes to this Court the action captioned as *Ceres Enterprises, LLC v. Travelers Insurance Company,* Case No. CV20935219 on the docket of the Court of Common Pleas of Cuyahoga County, Ohio.

In support of its Notice of Removal, Travelers respectfully alleges that:

1. On or about July 27, 2020, Plaintiff Ceres Enterprises LLC commenced the captioned action by filing a complaint in the Court of Common Pleas of Cuyahoga County, Ohio. A copy of all process, pleadings, orders and other papers served on Travelers in the state court action is attached as Exhibit A hereto.

2. The Summons and the Complaint were served on Travelers on August 5, 2020. This Notice of Removal is being filed within 30 days of service of process, and is therefore, timely

---

[1] There is no legal entity by the name of Travelers Insurance Company. The Travelers Indemnity Company of America issued the insurance policy to Ceres Enterprises, LLC that is identified in Paragraph 1 of the Complaint (Policy No. 630-2503R415-TIA-19) and is the subject of Plaintiff's claims. The Travelers Indemnity Company of America is the proper defendant to this action.

1

under 28 U.S.C. § 1446(b).

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff and Travelers are citizens of different states, and the amount in controversy with respect to Plaintiff's individual claims exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over the claims of the putative class members pursuant to 28 U.S.C. § 1367, even if some of those claims are for less than $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

4. This Court also has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), because this lawsuit is a "class action," as defined by CAFA, in which there is minimal diversity of citizenship, and the amount in controversy exceeds $5 million, as explained further below.

5. Venue in this Court is proper under 28 U.S.C. § 1441(a) as this Court is located in the same county as the Cuyahoga County Court of Common Pleas. Thus, this Court "embrac[es] the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

6. Ceres Enterprises LLC is an Ohio limited liability company organized under Ohio law with its principal place of business located at 835 Sharon Drive, Westlake, Ohio 44145. (Complaint, ¶ 1.) Plaintiff alleges that it owns and operates seven hotels in Ohio, Indiana, and Minnesota. (*Id.*) A limited liability company is deemed to have the citizenship of all of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F. 3d 1003, 1005 (6th Cir. 2009). On information and belief, Ceres Enterprises, LLC is family-owned and led by Frank A. Crisafi, CEO, and his son, David Crisafi, President, one or both of whom are believed to be the members of the LLC. Upon information and belief, both of these individuals are domiciled in and thus citizens of

2

Ohio.

7. The Complaint names "Travelers Insurance Company" as the defendant, but no such entity exists. The Travelers Indemnity Company of America issued the insurance policy to Ceres Enterprises, LLC that is identified in Paragraph 1 of the Complaint (Policy No. 630-2503R415-TIA-19) and is the subject of Plaintiff's claims. The Travelers Indemnity Company of America is an insurance company organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut.  Travelers is not a citizen of any state other than Connecticut.

## PLAINTIFF'S ALLEGATIONS[2]

8. Plaintiff seeks coverage for alleged business income and extra expense losses "due to a loss and/or shutdown from…the COVID-19 pandemic" under Travelers policy number 630-2503R415-TIA-19 (the "Policy"), which is incorporated by reference in the Complaint. (Complaint, ¶¶ 7, 15.) A certified copy of the Policy is attached at Exhibit B hereto.

9. Plaintiff alleges that it "sustained a loss due to coronavirus, also referred to as 'COVID-19', and the Civil Authority orders issued by the Governor of Ohio that have addressed the state and nationwide spread of the coronavirus, i.e., pandemic." (Complaint, ¶ 19.) Plaintiff further alleges that, effective March 23, 2020 and as extended to May 29, 2020, "Ohio Civil Authority ordered Ohio residents to stay at home and ordered all non-essential businesses in Ohio to cease all activities." (*Id*., ¶ 26.) Plaintiff alleges that "[t]he executive orders issued by the Governor of Ohio, and the majority of other State Governors, in response to the pandemic have caused direct physical loss of Plaintiff's and Class Members' properties." (*Id.*, ¶ 27.)

---

[2] Travelers does not admit the underlying facts as alleged by Plaintiff or as summarized herein. Travelers expressly denies any liability to Plaintiff or the putative class. Travelers reserves its rights to challenge the legal sufficiency of the allegations in the Complaint.

3

10. The Complaint further asserts that "COVID-19 has devastated the hotel industry," causing an expected decline in revenue of 50%. (*Id.*, ¶¶ 29-30.)

11. Plaintiff is pursuing causes of action under the following counts: (i) declaratory judgment; (ii) breach of contract; and (iii) breach of the covenant of good faith and fair dealing (bad faith). (*See id.*, ¶¶ 57, 67–69, 70–85.)

12. Plaintiff seeks to bring this action as a class action under Ohio Civ. R. Proc. 23. (*Id.*, ¶ 44.) The Complaint seeks certification of three proposed classes/sub-classes is defined as:

   a. **Declaratory Relief Class (Count I)**: All commercial entities engaged in hospitality services, including, without limitation, hotel operations and management, banquet/catering event facility operations and restaurant services throughout the United States who, from January 1, 2020 to the present have been insured by Commercial and/or Business Owner Policy issued by Travelers and denied Business Income loss, Extra Expense and/or Civil Authority coverage due to COVID-19; and
   b. **Restitution/Monetary Relief Sub-Class (Counts I, II)**: All commercial entities engaged in hospitality services including, without limitation, hotel operations and management, and banquet/catering event facility operations and management throughout the United States who from January 1, 2020 to the present have been insured by Commercial and/or Business Owner Policy issued by Travelers and denied Business Income, Extra Expense and/or Civil Authority coverage due to COVID-19; and
   c. **Ohio State Bad Faith Sub-Class (Counts I, II, and III)**: All commercial entities engaged in hospitality services including, without limitation, hotel operations and management, and banquet/catering event facility operations and management throughout the State of Ohio who from January 1, 2020 to the present have been insured by Commercial and/or Business Owner Policy issued by Travelers and denied, in bad faith, Business Income, Extra Expense and/or Civil Authority coverage due to COVID-19.

(*Id.*)

## TRADITIONAL DIVERSITY JURISDICTION

13. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff and Travelers are citizens of different states, and the amount in controversy on Plaintiff's individual claims exceeds $75,000.

4

### A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant

14. Plaintiff is a limited liability company. (Complaint, ¶ 1.) For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F. 3d 1003, 1005 (6th Cir. 2009). Upon information and belief, Plaintiff's members are Frank A. Crisafi, CEO, and/or his son, David Crisafi, President, who are citizens of Ohio. As such, upon information and belief, Plaintiff is an Ohio citizen for purposes of diversity of citizenship.

15. Travelers is a citizen of Connecticut, where it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, there is complete diversity of citizenship between Plaintiff and Defendant.

### B. The Individual Plaintiff's Amount in Controversy Exceeds $75,000

16. Under 28 U.S.C. § 1332, diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 554 (2014), and if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Id.* at 553. The removing defendant need only show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871 (6th Cir. 2000). For a declaratory judgment claim, the amount in controversy is measured by "the value of the consequences which may result from the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (quoting *Lodal, Inc. v. Home Ins. Co. of Ill.*, No. 95–2187, 1998 WL 393766, at *2 (6th Cir. June 12, 1998)).

17. The amount in controversy for Plaintiff's individual claims exceeds $75,000. Plaintiff alleges that it owns and operates seven hotels, and that it was required to "shut down and/or significantly suspend business operations, thus causing Plaintiff a loss of use of its Properties, and resulting in a substantial loss of business income." (Complaint, ¶¶ 1, 24.) Plaintiff also alleges that its hotels "maintain restaurant facilities that were completely shut down by order of civil authority." (*Id.*, ¶ 12 n.1.) Plaintiff has claimed losses related to hotel properties located in Ohio for a period from at least March 23, 2020 through May 29, 2020 as well as losses it attributes to hotel properties in Indiana and Minnesota. (*Id.*, ¶¶ 1, 26.) Plaintiff seeks a declaration that such past and continuing losses are covered under the Policy issued, and also alleges breach of contract under the Policy for Travelers' failure to pay for the allegedly-covered losses. (*Id.*, ¶¶ 57, 69.)

18. The Policy provided coverage for a one-year period, and the policy limits for Business Income coverage for the hotel properties total $13,695,000. *See* Policy, Ex. B, at p. 22 of 257. Even merely one-twelfth of that amount (attributable to approximately one month of the twelve-month policy period) would be over $1.1 million.

19. Based on financial information Plaintiff provided to Travelers in connection with underwriting of the Policy, the amount in controversy on Plaintiff's individual claims easily exceeds $75,000. Out of respect for any confidentiality concerns Plaintiff may have with respect to their financial information, Travelers has not set forth Plaintiff's financial information in detail herein. Travelers will make this financial information available to the Court if requested or in the event that a motion to remand is filed. Travelers would submit this information under seal if Plaintiff so requests and the Court allows.

20. On the bad faith claim, Plaintiff also seeks extracontractual, punitive, and exemplary damages, and attorney's fees. (Complaint, ¶¶ 84-85.) Alleged punitive and exemplary

6

damages may be considered in determining the amount in controversy. *Halsey v. AGCO Corporation*, 755 Fed. App'x. 524, 529 (2018). These allegations further demonstrate that the amount in controversy on Plaintiff's individual claims readily exceed $75,000.

21. Given that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over the Plaintiff's individual claim, this Court has supplemental jurisdiction over the claims of the putative class members pursuant to 28 U.S.C. § 1367, even if some of those claims are for less than $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *Aldrich v. University of Phoenix, Inc.*, 661 Fed. App'x. 384, 389 (2016).

## JURISDICTION UNDER CAFA

22. Removal is proper under CAFA, 28 U.S.C. § 1332(d)(2), where, as here, a proposed class action involves minimal diversity of citizenship and an aggregate amount in controversy exceeding $5 million. Removal is also proper under 28 U.S.C. § 1453(b) because this lawsuit is a "class action" as defined by CAFA. *See Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834–35 (6th Cir. 2020) (finding no ambiguity in the CAFA definition of class action, and no "antiremoval presumption" applies to cases involving removal under CAFA).

23. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a "class action" under CAFA because it was brought under a state statute or rule, namely Ohio Civ. R. Proc. 23, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); Complaint, ¶ 44.

### A. Minimal Diversity is Satisfied under CAFA

24. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. See 28

U.S.C. § 1332(d)(2)(A). Upon information and belief, Plaintiff is a citizen of Ohio. *See* Paragraph 6, *supra*. Travelers is a citizen of Connecticut. *See* Paragraph 8, *supra*. In addition, the Complaint defines two of the proposed classes as "[a]ll commercial entities engaged in hospitality services . . . throughout the United States" who had certain specified insurance coverage with Travelers and satisfy certain other requirements. (Complaint, ¶ 44(a), (b).) The putative class members thus include many policyholders who have diverse citizenship from Travelers. Travelers is a citizen of Connecticut. *See* Paragraph 8, *supra*.

### B. The Amount in Controversy is Satisfied under CAFA.

25. This case satisfies CAFA's amount in controversy requirement because the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id*.; 1332(d)(6). A federal district court "determine[s] whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class," and provided the sum exceeds $5 million, "there is jurisdiction and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). The removing party must demonstrate the amount in controversy requirement has been met by a preponderance of the evidence. *Graiser v. Visionworks of America, Inc*., 819 F.3d 277, 282–86 (6th Cir. 2016). The amount in controversy may be shown by contentions or by calculation from the complaint's allegations or by reference to the plaintiff's informal estimates. *See Fielder v. Penn Station, Inc*., 2013 WL 1869618 (N.D. Ohio May 3, 2013).

26. Based on Plaintiff's allegations, the amount in controversy for the proposed class claims exceeds $5 million. Plaintiff seeks to certify a declaratory relief class as well as two sub-

classes, two of which are nationwide in scope and with only one limited to certain commercial entities in the State of Ohio. (Complaint, ¶ 44.) The proposed classes would include, in substantially similar scope, "[a]ll commercial entities engaged in hospitality services, including, without limitation, hotel operations and management, banquet/catering event facility operations and restaurant services…who, from January 1, 2020 to the present have been insured by Commercial and/or Business Owner Policy issued by Travelers and denied Business Income loss, Extra Expense and/or Civil Authority coverage due to COVID-19." (*Id.*)

27. Travelers has received 929 claims for losses of business income nationwide related to COVID-19 as of August 24, 2020. A time-consuming manual search would be necessary to identify how many of these claims were made by insureds engaged in hospitality services, hotel operations and management, banquet/catering event facility operations, and restaurant services.[3] Even assuming that only 15% of the claims implicated the relevant industries, that would be 139 claims, and an average claim value as low as $36,000 would yield an amount in controversy that exceeds $5 million. Given the nature of the businesses involved in the putative class claims, the amounts claimed are likely to exceed $36,000 each.

**C. The Number of Proposed Class Members Exceeds 100**

28. Upon information and belief, as explained above, the number of members of the proposed classes is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**D. None of the Exceptions to CAFA Jurisdiction Apply.**

29. None of the exceptions to CAFA jurisdiction apply. No defendant is a citizen of the state in which the action was filed, i.e., Ohio. Accordingly, 28 U.S.C. §§ 1332(d)(3) and (d)(4)

---

[3] Travelers has not had sufficient time to conduct such a manual search prior to the deadline for filing this notice of removal. Travelers will complete such a manual search so that the information is available in the event that a motion to remand is filed or it is otherwise necessary.

do not apply. Section 1332(d)(5)(A) does not apply because no defendant is a State, State official or other governmental entity against which this Court may be foreclosed from ordering relief. Section 1332(d)(5)(B) does not apply because the number of members of all proposed plaintiff classes in the aggregate exceeds 100, as set forth above. Section 1332(d)(9) does not apply because Plaintiff's claims do not involve securities or the internal affairs or governance of a corporation or other form of business enterprise.

30. Pursuant to the foregoing, this Court has original jurisdiction under CAFA. *See Nessel*, 954 F.3d at 834 (finding federal court has original jurisdiction under CAFA when the statutory requirements are satisfied).

## REMOVAL PROCEDURE

31. Travelers has filed this Notice of Removal with this Court, has served a copy of the Notice of Removal upon counsel for Plaintiff and will promptly file a copy of this Notice of Removal in the Common Pleas Court of Cuyahoga County pursuant to 28 U.S.C. § 1446(d). A copy of the Cuyahoga County Court of Common Pleas docket sheet for the matter removed to this Court, as of August 28, 2020, is attached as Exhibit C hereto.

32. By filing this Notice, Travelers does not waive, and expressly reserves, all rights, defenses, and objections of any nature that Travelers may have against Plaintiff's claims.

Respectfully submitted,

/s/ Michele A. Chapnick
Michele A. Chapnick (0084349)
Gregory & Meyer P.C.
340 E. Big Beaver Rd, Ste. 520
Troy, Michigan 48083
Date: August 28, 2020        mchapnick@gregorylaw.com

                Stephen E. Goldman
                (*pro hac vice* motion to be filed)
                Wystan M. Ackerman
                (*pro hac vice* motion to be filed)
                Stephani A. Roman
                (*pro hac vice* motion to be filed)

                *Attorneys for Defendant The Travelers Indemnity Company of America (improperly named as Travelers Insurance Company, a non-existent entity)*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and accurate copy of the foregoing Notice of Removal was served by electronic mail and by first class U.S. mail, postage pre-paid, on this 28th day of August, 2020, to:

Thomas J. Connick                            and via efiling on August 28, 2020 to:
Connick Law, LLC                           Cuyahoga County Court of Common Pleas
25550 Chagrin Blvd., Suite 101
Beachwood, OH 44122
Email: tconnick@connicklawllc.com

*Attorney for Plaintiff*

                                         /s/ Michele A. Chapnick
                                         Michele A. Chapnick